PER CURIAM.
This cause is before us on appeal from an order denying Appellants’ motion for new trial following a jury verdict in favor of Ap-pellees in their premises liability suit. Appellants raise four issues on appeal, only one of which merits discussion.
Both prior to and during trial, Appellants requested that the jury verdict form include the intentional tortfeasor for purposes of apportioning fault under section 768.81, Florida Statutes. The trial court denied Appellants’ requests based on Fabre v. Marin, 623 So.2d 1182 (Fla.1993), and the Fourth District’s recent opinion in Slawson v. Fast Food Enterprises, 671 So.2d 255 (Fla. 4th DCA 1996). The jury subsequently found Appellants liable and awarded Appellees damages in the amount of $219,775.
In Wal-Mart Stores, Inc. v. McDonald, 676 So.2d 12 (Fla. 1st DCA), rev. granted, 687 So.2d 1804 (Fla.1996), we held that intentional tortfeasors are not to be included within the concept of fault when determining a negligent party’s percentage *351 of liability under section 768.81, Florida Statutes. Accordingly, we hold that the trial court in this case did not err. In an abundance of caution, however, we certify the same questions of great public importance as those certified in McDonald:
IS AN ACTION ALLEGING THE NEGLIGENCE OF THE DEFENDANTS IN FAILING TO EMPLOY REASONABLE SECURITY MEASURES, WITH SAID OMISSION RESULTING IN AN INTENTIONAL, CRIMINAL ACT BEING PERPETRATED UPON THE PLAINTIFF BY A NON-PARTY ON PROPERTY CONTROLLED BY THE DEFENDANTS, AN “ACTION BASED UPON AN INTENTIONAL TORT” PURSUANT TO SECTION 768.81(4)(b), FLORIDA STATUTES (1993), SO THAT THE DOCTRINE OF JOINT AND SEVERAL LIABILITY APPLIES?
IN SUCH AN ACTION, IS IT REVERSIBLE ERROR FOR THE TRIAL COURT TO EXCLUDE AN INTENTIONAL, CRIMINAL NON-PARTY TORTFEASOR FROM THE VERDICT FORM?
The final judgment is AFFIRMED.
BOOTH and VAN NORTWICK, JJ., concur.
JOANOS, J., concurring specially with written opinion.